MACK, STADLER & CO. v. ADLER, GOLDMAN & CO.

FRAUD: *Purchase without intent to pay.*

   Though an agent purchases goods for his principal under a false representation of his existing indebtedness, yet if the principal be at the time solvent and able to pay for them, and has no intent not to pay for them, there is no fraud in the purchase, and the vendor has no right to rescind the sale and reclaim the goods.

APPEAL from *Sebastian* Circuit Court, Fort Smith District.

Hon. R. B. RUTHERFORD, Judge.

#### STATEMENT.

Adler, Goldman & Co. brought attachment against Mrs. Silberburg, and attached her stock of merchandise. Mack, Stadler & Co., merchants at Cincinnati, intervened for part of the goods, claiming them as their own property, upon the ground that Mrs. Silberburg had obtained them by a fraudulent purchase, on credit, with intent not to pay for them. The issue was submitted to the court, who found as facts, that Mrs. Silberburg's husband, acting as her agent,

purchased the goods for her on the 19th or 20th of August, 1884, and gave her note for them. That he represented to the interpleaders that Mrs. Silberburg was worth $8000, and owed nothing except $304, which she owed to them. That this statement of her indebtedness was false, her indebtedness at the time being over $2500; but that at the time of the purchase Mrs. Silberburg was solvent, and worth over three times the amount of the purchase. That about the 1st of December, 1884, the agent of the interpleaders, learning that other parties who had sold goods to Mrs. Silberburg, had refused to ship them, went to Fort Smith and placed their claim against her in the hands of attorneys, not for collection, the notes not being due, but to look after their interests, in case anything extraordinary or unusual should occur in her business. Afterwards, on the 23d of December, 1884, the attorneys, in ignorance of any fraud in the purchase, caused these goods and others in her store to be attached, and on the 21st of January, 1885, the agent of the interpleaders had the attachment suit dismissed, and filed this interplea, having identified the goods claimed as part of the goods the interpleaders had sold to Mrs. Silberburg, and on the same day caused suit to be instituted, and an order of attachment to be levied, subject to prior attachments, upon the residue of her stock, for the difference in value between the goods identified and the amount of their bill. That the prior attachments were not defended by Mrs. Silberburg, and were sustained by the court. And the court concluded that at the time of the sale the interpleaders intended to transfer to Mrs. Silberburg both the possession of, and property in, the goods; and declared as law, that the transaction was an actual sale and vested the property in Mrs. Silberburg, and that the interpleaders were not entitled to

rocover; and rendered judgment against them, from which they have appealed to this court.

*James A. Yantis*, for appellants.

Where goods are obtained under a contract of purchase, and the false and fraudulent representations of the vendee's solvency and financial condition induces the vendor to sell to him on credit, no right, either of possession or property passes to the vendee, as between the parties, or between the vendor and third persons, unless they be purchasers for value, without notice of the fraud; and an attaching creditor is not such a purchaser, and the vendor may reclaim the goods. *Bigelow on Fraud*, *Ch. 6, sec. 4, p. 311 and 403 ; Wharton on Contracts, secs. 282, et seq.; Addison on Cont. (Morgan's Ed.), sec. 641; Benjamin on Sales, 428, 433, and note 1, 451 and 442.*

Appellants rescinded as soon as they learned of the fraud, and having elected to rescind, with a full knowledge of all the facts, the action was final, both for and against themselves. *Wharton on Cont., secs. 287, 292; Addison on Cont., sec. 642 ; Benjamin on Sales, sec. 442.*

*Clendenning & Reed*, for appellees.

Review the testimony and contend that there is nothing to show that there was any intent to deceive. No misrepresentation is fraudulent unless made with intent to deceive. (*Bigelow on Fraud*, *p. 37.*) Nor was there any evidence that at the time the goods were purchased that Mrs. Silberburg *did not intend to pay for them.*

A buyer who purchases goods on a credit, knowing at the time of his insolvency and inability to pay for them, but being without a preconceived design not to pay, is not

guilty of such fraud as will avoid the sale. (*19 Mo., 36.*) There must exist an intent not to pay for them. *43 Conn., 324.*

Whether the debtor was solvent or not, and whether when she purchased there existed an intent not to pay for the goods, were questions of fact, which were submitted to the court sitting as a jury, and the court having found for appellees, this court will not disturb the finding.

## OPINION.

COCKRILL, C. J. The law governing the questions argued by the appellants is fully discussed in the cases of *Bridgford v. Adams, 45 Ark., 136,* and *Taylor v. Mississippi Mills, 47 Ark., 247.* The rulings of the court below are in accord with the doctrine of these cases. The court specially found that the vendee, at the time of making the purchase, was solvent, and entertained no design or intention of getting the goods on credit to avoid payment. This was a question of fact to be settled by a jury, or the court acting in that capacity, and having been settled against the appellants upon competent evidence, it precludes their right to rescind the sale, and the judgment must be affirmed.