COLLIER *v.* BOARD OF DIRECTORS OF JEFFERSON COUNTY
BRIDGE DISTRICT.

Opinion delivered January 13, 1913.

1.  LOCAL IMPROVEMENT—BRIDGE—CONCLUSIVENESS OF FINDING OF DIRECTORS—JUDICIAL REVIEW.—When the Legislature by special act creating an improvement district provides that the board of directors of the district shall declare whether a majority of the holders of real property signed the petition for the improvement or not, the board is a special tribunal created to declare this special result, created by the Legislature, and its acts, when not attacked as being void or fraudulent, are not reviewable by superior courts in the exercise of appellate or supervisory control over inferior tribunals, by appeal, certiorari or any substitute for appeal.  (Page 154.)

2.  SAME—REMEDY—EQUITY.—The remedy of land owners for fraud on the part of the board of directors of an improvement district

in their finding as to the number of signers of a petition for the proposed improvement lies in equity. (Page 156.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Asa C. Gracie, Carmichael, Brooks & Powers,* for appellant.

1.   96 Ark. 424 and 149 S. W. 66 are not conclusive of this case.   As no appeal is allowed by the act, certiorari is the only remedy.   52 Ark. 220, Kirby's Dig., § 1315; 25 Ark. 476; 14 *Id.* 337; 20 *Id.* 581; 21 *Id.* 265; 80 *Id.* 200.

2.   The findings of the board are conclusive only on collateral attack.   96 Ark. 424; 32 *Id.* 553; 55 Pac. 156; 27 Atl. 166.

3.   The board is an "inferior tribunal;" its acts are "*quasi*-judicial" only; and its acts are reviewable on certiorari.   16 Cal. 298; 70 Ark. 568, 589; 6 Cyc. 770; 61 Ark. 605; 62 *Id.* 196-201; 70 *Id.* 568-589; 96 *Id.* 410; 78 *Id.* 432; 198 U. S. 253.

*Danaher & Danaher* and *Coleman & Gantt,* for appellee.

1.   The finding of the board is not reviewable.   149 S. W. 66; 104 Ark. 425; 96 Ark. 424; 59 *Id.* 513.

2.   The demurrer was properly sustained, no cause of action being stated.   33 Ark. 117; 35 *Id.* 95; 73 *Id.* 604.

3.   No fraud is alleged except argumentatively.   90 Ark. 29.

4.   Where the Legislature has created a tribunal to ascertain and declare a certain result, and no provision for an appeal is given, the action of such tribunal is final. 96 Ark. 424; 170 U. S. 304; 164 *Id.* 112.

5.   Certiorari does not lie, where the action of a board is purely legislative, executive or administrative, although its action involves the exercise of discretion. 62 Ark. 196; 70 *Id.* 568, 99 U. S. 761; 80 N. W. 942; 29 N. W. 77; 89 Ark. 604.

McCULLOCH, C. J.   Appellant, a citizen and land owner of Jefferson County, Arkansas, presented to the circuit court of Jefferson County, his petition for a writ

of certiorari to bring up and quash the proceedings of the Board of Directors of the Jefferson County Bridge District finding and declaring that the petition for improvement had been signed by a majority, as prescribed by the terms of the statute authorizing the improvement named. The improvement district for the purpose of constructing a bridge across the Arkansas River at or near Pine Bluff, was created by a special act of the General Assembly of 1911. The purposes of the act and the proceedings to be had thereunder are set forth in the recent case of *Board of Improvement of Jefferson County Bridge District* v. *Collier,* 104 Ark. 425, 149 S. W. 66. The act is almost identical with the act creating the Fort Smith and Van Buren Bridge District, set forth in the case of *Shibley* v. *Fort Smith & Van Buren Bridge District,* 96 Ark. 410, 132 S. W. 444. The statute was sufficiently set forth in the opinion in those cases and need not be repeated here.

The present proceeding was instituted in the circuit court for a review of the findings of the board of directors in declaring a majority in favor of the improvement. The circuit court sustained a demurrer to the petition for certiorari, and entered final judgment dismissing the petition, from which judgment an appeal has been prosecuted to this court.

The statute provides, in substance, that, after the organization of the board of directors, public notice of the passage of the statute should be given, a day set for hearing petitions, and that "if at said hearing the board of directors shall find that the petition or petitions are not signed by a majority * * * of the holders of real property within the district, as shown by the last county assessment, they shall so declare and such findings shall terminate all proceedings under this act;" but that "if said board shall find that said petition, or petitions, are signed by a majority * * * of the holders of real property within the district, as shown by the last county assessment, they shall so declare and shall proceed to carry out the purposes of this act."

So far as relates to the question now presented, this

statute is almost identical in language with the Fort Smith and Van Buren bridge statute.

In the above cited case, in disposing of the controversy concerning that act, we said:

"In the statute creating this district, the Legislature has not seen fit to make the power to proceed depend upon obtaining the consent of a majority of the property owners, but upon the ascertainment and declaration of the commissioners that the petition has been signed by a majority in value of the property owners. The power of the Legislature to directly put the district into operation, without obtaining the consent of the property owners, embraces the power to put it into operation by the ascertainment and declaration of the commissioners, at least where there is a provision for a public hearing before the commissioners on the question. * * * Moreover, it is a well settled principle of law that where the Legislature has erected a tribunal for the purpose of ascertaining and declaring the result of an election upon any subject, the decision of such tribunal is conclusive, and can not be reviewed by the courts."

The plain effect of that decision was to hold that the finding of the board, as a special tribunal created by the Legislature for that purpose, must be accepted as conclusive, and is not reviewable by the courts. That is to say, not reviewable by superior courts in the exercise of appellate or supervisory control over inferior tribunals.

The effort in this case is not to attack the proceedings of the board as void on the face thereof, but appellant seeks a review of the proceedings under the circuit court's supervisory power over the judgments and proceedings of inferior tribunals; in other words, to substitute the writ of certiorari for an appeal, and in that manner obtain a review of the alleged erroneous findings of the board.

If we adhere to our decision in the Shibley case, *supra,* that the finding of the board must be accepted as conclusive, then there can be no review by the circuit court on appeal or any substitute for appeal. If the find-

ing must be treated as conclusive, that is the end of it so far as the machinery of the law is concerned, for the courts can not supply a provision for review where the lawmakers have said there shall be none.

But it does not follow that the land owners have no remedy against fraud practiced by the board in making a false declaration of the will of the majority of the land owners of the district. Fraud vitiates any proceeding or transaction, from the judgment of the highest court of the land down to the smallest transaction between individuals, and there is a remedy to purge the fraud. The court of equity is the proper forum for such relief unless the same is otherwise provided by statute. The act creating the district makes conclusive the finding of the board of directors as to a majority petitioning for the improvement; but no intention is attributable to the lawmakers to give a conclusive effect, beyond the remedial power of the court of equity, to a false finding fraudulently announced by the board.

It is contended by learned counsel for appellee that the land owner can not complain of a fraudulent finding of the board unless the assessments subsequently levied on his property exceed the benefits derived from the improvement. That contention is unsound. It is true that the Legislature has the power to lay off an improvement district without giving the property owners an opportunity to be heard. *Shibley* v. *Fort Smith & Van Buren Bridge District, supra; Fallbrook Irrigation District* v. *Bradley,* 164 U. S. 112. But the property owner has the right to insist, whether his assessments exceed the benefits or not, that they fall within the authority of law and that the power to levy assessments has been duly conferred by the lawmakers. The condition prescribed by the statute now before us upon which assessments may be levied, is that the board of directors must first find that a majority of the property owners have petitioned for the improvement, and each property owner can stand upon his right to resist the collection of assessments unless that condition has been complied with. A fraudulent finding by the board, when ascertained by a court of

competent jurisdiction to be fraudulent, is equivalent to no finding at all, and is not a compliance with the prescribed condition, for the statute contemplates a finding honestly made by the board, and not wilfully fraudulent. Hence, a property owner should be allowed to call in question, on the ground of fraud, a finding of the board of directors. Certiorari is not the proper remedy, for the reason that the findings of the board is to be conclusive in the absence of fraud, and no supervisory power is given to any court. Chancery is the proper forum, and affords the only remedy, because it can and will relieve against fraud.

If the allegations of the petition were sufficient the circuit court should have transferred the cause to equity, instead of sustaining the demurrer to the complaint. *Newman* v. *Mountain Park Land Co.,* 85 Ark. 208. We are of the opinion, however, that the petition does not state facts sufficient to make out such a charge of fraud against the board of directors as will warrant setting aside the findings. Fraud which will vitiate the proceedings of the board does not mean errors of the board either of law or fact. In order to constitute fraud there must have been an intent not to exercise an honest judgment and make a true finding, but to disregard the facts and make a false finding. This is not alleged in the petition. Taking the allegations as a whole, they amount only to a charge of error on the part of the board in refusing to hear and consider protests and evidence affecting the question at issue and that the petition was not, in fact, signed by a majority of the property owners. The statute does not provide any method of procedure for the board, and the board had the right to inquire into the facts in its own way.

Fraud is never presumed, but must be specifically charged before a court of equity will start an inquiry.

Our conclusion, therefore, is that the circuit court was correct in sustaining the demurrer, though the reasons given therefor are not sound. Affirmed.

WOOD, J., concurs.

SMITH, J., dissents upon the ground that the complaint when considered on demurrer is sufficient to raise the issue of fraud on the part of the board in its findings; and he is also of the opinion that certiorari is the appropriate remedy.