HEMBEY *v.* CORNELIUS.

Opinion delivered October 13, 1930.

*Alfred Featherston,* for appellant.

*P. L. Smith,* for appellee.

BUTLER, J. This suit was first brought in the court of a justice of the peace by the filing of the following complaint:

"The plaintiff, W. P. Hembey, for his cause of action against defendant states that sometime in 1928, prior to November 1, 1928, the defendant, R. B. Cornelius, represented to plaintiff that one E. P. Hammons was indebted to him, and that he was working for the said E. P. Hammons, and, acting upon such representations made from time to time, he did furnish the said R. B. Cornelius goods, wares, and merchandise of the value of sixty-two and 88/100 dollars, of which amount the said defendant has paid fifteen and no/100 dollars, leaving a balance now due the plaintiff of $47.88, which is justly due and unpaid. That the representations made by defendant, namely, that Hammons was indebted to him and had not paid and was not paying him was relied upon by plaintiff, and that plaintiff would have sold him nothing on open account without such representations; and that said representation was in fact false, as plantiff has since been in-

formed, and that said goods were fraudulently obtained. Premises considered, plaintiff prays that he have judgment against defendant, R. B. Cornelius, in the sum of $47.88 in tort, for his costs herein expended and for other just and proper relief.''

Accompanying the complaint was an itemized, verified account, the first item being dated November 1, 1929, ''To bal. agreed on............$17.83,'' following which on various dates from November 3, 1929, to and including January 25, 1930, appear various items, some being for merchandise in small amounts, medicine and doctor's visits, aggregating the sum of $52.88. Three credits appear at various times, two cash payments of $5 each and a credit on July 20, 1930, for work, leaving a balance due of $47.88.

There was a trial before a jury, and the following verdict was rendered: ''We, the jury, find judgment against the defendant for $47.88 for Dr. W. P. Hembey,'' and the justice thereupon rendered judgment in the following language: ''It is therefore ordered, considered and adjudged that the plaintiff have and recover of defendant the sum of $47.88 as sued on in complaint and all costs.'' The judgment was rendered on August 23, 1929. On September 14, following, an execution having been issued, the defendant filed a schedule claiming the property listed therein as exempt, stating in the said schedule that he was a married man, the head of a family, and the property claimed was all the property owned, it being less than the amount allowed under the exemption laws. The justice denied the claim for exemptions and refused to issue a supersedeas, on the ground that the judgment was in tort, and that the five days' notice of the filing of the claim had not been given. From this order of the justice there was an appeal to the circuit court, where a demurrer was interposed to the complaint of plaintiff (appellant here) and the court found ''that the demurrer to the complaint should be sustained with reference to statement or allegation of the complaint of the right to

obtain judgment in tort," and ordered "that the demurrer be and the same is hereby sustained with reference to the right to obtain judgment in tort." The plaintiff refused to plead further, whereupon the court dismissed the cause of action, and the plaintiff at the time saved his exceptions *et cetera.*

As the trial was in the justice court, no written pleadings were necessary, and we are unable to say upon what testimony the jury based its verdict, whether it found liability because of fraud and deceit in the procurement of goods and services, or whether the liability was founded upon contract. Therefore we are remitted to the papers filed by the plaintiff and the verdict of the jury in the ascertainment of the nature of the action. Such being the case, in order to sustain the contention of the appellant that it was an action sounding in tort, all the necessary elements of such an action must be specifically pleaded. Otherwise, the action must be held to be one based upon contract. We are of the opinion that the complaint and the account filed with it present a claim for debt by contract. Appellant appears to have been a doctor and a merchant, and, while he alleges that he furnished the goods upon the faith of certain false representations made by the appellee, these representations do not appear to us to be of a material nature. The representation was merely that one E. P. Hammons was indebted to the appellee, and that appellee was working for the said Hammons. In the first place, the amount of Hammons' debt to appellee is not alleged, nor the financial responsibility of Hammons, nor that the appellee had no other means or resources from which he might expect to pay for the goods, and that he purchased them with fraudulent intent not to pay for them.

In the case of *Winter* v. *Bandel,* 30 Ark. 362, we held that the allegations to support a recovery on the ground of fraud for false representations must relate to material matter. In the case of *Taylor* v. *Mississippi Mills,* 42 Ark. 247, 1 S. W. 283, it was held, in order to avoid a sale

on the ground of fraud (or to sue for value in an action for deceit), a dishonest intention must exist at the time in the mind of the vendee, an actual intention to cheat or to do an act the necessary result of which will be to defraud the seller. To the same effect is the holding in the case of *Mack* v. *Adler,* 48 Ark. 70, 2 S. W. 345.

It is also settled law that fraud is never presumed, but must be specifically pleaded and proved. These principles, we think, sustain our conclusion. The trial judge evidently intended by his order merely to allow the schedule and to order the supersedeas, for the appellant would be entitled to a judgment on his contract debt and the appellee to the relief he prayed, namely, that the exemptions be allowed and the judgment superseded as to the property claimed. As there appears to be some ambiguity in the judgment, the same is here modified to meet the view herein expressed, and as modified is remanded with directions to allow the defendants schedule of exemptions.