JAMES E. LILE ET AL *v.* PULASKI COUNTY BOARD OF EQUALIZATION ET AL

5-5893                                                   479 S.W. 2d 856

Opinion delivered May 8, 1972

*Ray Thornton,* Atty. Gen., by: *James A. Neal,* Asst. Atty. Gen., for appellees.

LYLE BROWN, Justice. This is an appeal from a circuit court judgment which affirmed the levy of real property taxes for 1970 on a lot in downtown Little Rock. The assessor's office valued the property for tax purposes at $74,684. That figure was approved by the board of

equalization and then by the circuit court. The appellants here contend that the judgment of the circuit court is not supported by substantial evidence and that the decision is contrary to law.

Lot 5 in Block 8, original City of Little Rock, is a 50' x 140' lot facing Main Street. It is on the east side of the street and is an inside lot between Seventh and Eighth Streets. For valuation purposes it is a blacktopped lot used for parking. It produces an income of $2,400 a year. (There is a very small concrete block building on the property but it seems agreed that it makes no contribution to the value of the lot for its highest and best use.)

The only witness for the taxing authority was L. E. Tedford, tax assessor. He has had several years experience in the tax office. Mr. Tedford did not perform his a-praisal with the methods commonly used, and many times approved, by expert land appraisers. He cited some sales in the same general area but did not purport to say that those sales were comparable. He testified that the present appraisals in downtown Little Rock are based on the 1957 report of Wilkinson Associates, an outside professional appraisal firm. Tedford emphasized that the method used by Wilkinson was to establish a front foot value in each block. He never did testify what he considered to be the "true market value in money," which is the criterion for assessing real property. Ark. Stat. Ann. § 84-428 (Repl. 1960). Tedford said that in his opinion the assessment was "fair and equal" but as we read his testimony we conclude that he was in effect saying that the assessment was fair and equal when compared to the front foot assessment of property in that area. We do not think appellee produced substantial evidence that subject property had a true market value of $74,684.

On the other hand appellants produced very persuasive evidence that the market value of the property was $30,000. In 1969 the then owners listed the property with a reputable real estate brokerage firm. The asking price was $35,000 but there were no takers. Later on, an attorney for one of the owners was authorized to try to find a buyer. He had the property appraised. Floyd Fulkerson,

510

whose qualifications as an appraiser were not questioned, appraised the property at $30,000. Sam Reynolds, another qualified appraiser, reached the same figure. Burton Dougan, still another appraiser thoroughly versed in downtown values, arrived at the same valuation. Mr. Jim Lile, an investor, had the property appraised and purchased it for $30,000. Lile's appraiser was of the opinion that Lile "was not finding a bird's nest on the ground" and advised that it would be a gamble to pay $30,000 for it. The sale was approved by the probate court, one of the then owners being an incompetent.

Reversed with directions that the value of the property for the taxable year 1970 be fixed at $30,000.