Loy P. RODGERS et al *v.* Lyle EASTERLING,
Hempstead County Tax Assessor et al

80-89                                        603 S.W. 2d 884
Supreme Court of Arkansas
Opinion delivered September 15, 1980

*Honey & Rodgers*, Prescott, for appellants.

*Charles M. Walker*, Deputy Pros. Atty., 8th Judicial District, Hope, for appellees.

JOHN F. STROUD, Justice. This is a taxpayers' suit seeking to have the 1979 reassessment in Hempstead County declared void and seeking an order prohibiting the assessor,

clerk and tax collector of Hempstead County from levying or collecting the 1979 taxes based on the reassessment. We agree with the action of the chancellor in dismissing the suit.

In 1977 the Hempstead County Equalization Board hired an appraisal firm to prepare a county wide reapprais-al. This was motivated by its desire to increase above 18% the average ratio of the assessed value of all property in the coun-ty to the actual value of the property as certified by the Public Service Commission's Assessment Coordination Division so that turn-back funds withheld pursuant to Ark. Stat. Ann. § 84-477 (Repl. 1980) would be released to the county. The Hempstead County Equalization Board attempted to imple-ment the reappraisal in 1978, but they were enjoined by the Hempstead County Chancery Court from doing so in February of 1979. The court based its ruling on its findings of defective notice to landowners and lack of a quorum at several meetings of the Board. Subsequently, appellee Easter-ling, the county tax assessor, again sought to implement the reappraisal, sending out notices to Hempstead County land-owners on July 1, 1979.

On July 17, 1979, appellants filed this taxpayers' suit against appellees seeking to have the suit certified as a class action, seeking to have the 1979 reassessment declared illegal, and requesting an injunctive order that the 1979 taxes be collected in the amounts assessed prior to the reassessment. Appellants urge as the basis of the relief sought a finding by the Circuit Court of Pulaski County, entered on October 31, 1978, and affirmed by this Court on June 25, 1979, in *Arkan-sas Public Service Comm.* v. *Pulaski County Board of Equalization*, 266 Ark. 64, 582 S.W. 2d 942 (1979), that assessments of real property at other than present market value are violative of Article 16, § 5 of the Constitution of Arkansas. It was stipulated in this case that neither the 1979 reappraisal nor the prior appraisal was based on the current market value ap-proach. On December 14 the circuit court of Pulaski County reissued its decision of October 31 and entered an order re-quiring the Assessment Coordination Division of the Public Services Commission to develop a plan under which all 75 counties would reassess at current market value over the five year period beginning January 1, 1980, at the rate of 15 coun-

ties each year. The order required the counties to be ranked in the order of disparity between assessed value and market value, with the process to begin with those counties having the greatest disparity. It was further stipulated that the 1979 reassessment raised Hempstead County from less than 18% to over 20% and, accordingly, the Assessment Coordination Division scheduled Hempstead County with the last 15 counties to be reappraised.

Appellees contend that they were not parties to the Pulaski County suit and were not bound by the decision of the Pulaski County Circuit Court until it was affirmed by this court on June 25, 1979, and that even then they were not precluded from effectuating the 1979 reassessment. Appellees also contend that the taxpayers' suit brought by appellants failed to show that they had no adequate remedy at law. This case was submitted to the trial court on the pleadings, briefs, and a stipulation of facts, and on December 19, 1979, that court's memorandum opinion was issued. The court refused to certify the case as a taxpayers' class action, dismissed the actions of the named individuals due to the lack of any showing of prejudice to them by the 1979 reassessment, and referred these individuals to the Hempstead County Board of Equalizaion for redress of their grievances, noting their remedy at law. Alleging that the trial court erred in these findings and in not granting the relief they sought, appellants bring this appeal.

Any landowner with a complaint as to the assessment of his property taxes has the right, if timely exercised, to petition the county board of equalization for adjustment of his taxes pursuant to Ark. Stat. Ann. § 84-708 (Repl. 1980), which also provides for appeal of the board's decisions to the county and circuit court. Here, the parties stipulated that all of the plaintiffs in this case did appear before the County Equalization Board for adjustment of their individual assessed values and those who desired to appeal to the county court did so. We need not discuss each of the reasons given by the chancellor for dismissing this case, as we agree that the plaintiffs had an adequate remedy at law. Equity has no jurisdiction where there is a complete and adequate remedy at law. *Rockefeller* v. *Hogue*, 246 Ark. 712, 439 S.W. 2d 805 (1969).

Although we rarely discuss the merits of an appeal when we sustain the dismissal of the case, we think it appropriate to do so here due to the significance of the matter and its possible effect on the actions of other counties. The basis of the controversy was whether the reassessment of property in Hempstead County in 1979 was proper when viewed in light of this court's opinion in *Arkansas Public Service Comm.*, supra. Appellants urge that the decision of the Pulaski County Circuit Court, and the subsequent affirmance of that decision by this court, precluded appellees from reassessing at other than current market value. They argue that following that decision the *status quo* should have been maintained, and that the 1979 taxes should have been levied at the previous assessment. Appellants' argument is tantamount to saying that the 1979 reappraisal is void for failure to utilize the current market value approach, but because the tax result is more favorable even though it is also void for the same reason. Appellees, however, contend that since the reappraisal was already in progress and, when implemented, resulted in a more equitable assessment of property taxes, their actions came within the scope of the latitude allowed by *Arkansas Public Service Comm.*, supra. Affirming the order and judgment of the Pulaski County Circuit Court, this court said, 266 Ark. at 82:

In the final part of its order, the trial court, . . . framed a remedy (to avoid undue disruptions) which allows until the end of 1979 for the PSC to complete preparation of an implementation plan and working manuals to be used therein, and further provides that a statewide reassessment program shall begin January 1, 1981, using 15 counties each year[1] . . .

. . . this remedy furnishes sufficient time for planning by the counties and the state to *achieve a proper level of taxation by adjustment of millage. adjustment of the 20% ratio required. or by constitutional amendment.* (Emphasis added.)

[1] The opinion of the Pulaski County Circuit Court, affirmed by this court, directs that the reassessment of the first 15 counties shall take place from January 1, 1980, through December 31, 1980, and that the values determined shall be used by the assessors of those 15 counties as of January 1, 1981.

We think the 1979 reassessment in Hempstead County was an act taken to achieve a more proper level of taxation and, as such, was not illegal or contrary to the decision of this court in *Arkansas Public Service Comm.*, supra. The judgment of the trial court is affirmed.

Affirmed.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I feel bound to concur in the majority's decision because of our decision in *Arkansas Public Service Commission v. Pulaski County Board of Equalization*, 266 Ark. 64, 582 S.W. 2d 942 (1979).

In that case we decided that any assessment that was not based on market value was illegal and in violation of the Arkansas Constitution. The appellants are correct in saying that the latest 1979 assessment of property in Hempstead County is illegal because it was not based on market value. However, in the Pulaski County case the majority decided to give some counties in Arkansas five years in which to conform to the law. It was in that regard that I disagreed with the majority because 15 counties in Arkansas will have to pay taxes for five years at market value and 15 counties will not. That practice was, in my judgment, discriminatory and in violation of the Equal Protection Clause of the United States Constitution. I still feel that way. However, the decision was not appealed and binds me and the State of Arkansas to the principle that for five years some counties will not have to assess property at fair market value. Hempstead County falls in that category. Therefore, its latest assessment for 1979 was not in violation of the law as announced in *Arkansas Public Service Commission v. Pulaski County Board of Equalization. id.*

Hempstead County had the right to rely upon the decision in the Pulaski County case and that is what it has done. Actually, the appellants do not want their property taxed at fair market value. They want the first 1979 assessment to stand. That assessment was at a lesser rate — equally illegal.

For these reasons I concur in the majority's decision.