# M. M. MCALLISTER, et al *v.* FORREST CITY STREET IMPROVEMENT DISTRICT NO. 11, et al

81-139                                   626 S.W. 2d 194

Supreme Court of Arkansas
Opinion delivered December 14, 1981
[Rehearing denied January 25, 1982.]

*William P. Van Wyke,* East Arkansas Legal Services, for appellant.

*Knox. B. Kinney* and *Sharpe & Morledge, P.A.,* for appellees.

*Richard B. McCulloch,* pro se, appellee.

RICHARD B. ADKISSON, Justice. Appellants are 12 property owners who have been assessed benefits by the city council of Forrest City pursuant to its establishment of Forrest City Improvement District No. 11, hereinafter District. The appellees include the District's commissioners, assessors, its attorney at the time the District was formed, and the City of Forrest City. Appellants brought this suit on October 17, 1979, in the St. Francis County Chancery Court to enjoin the District from collecting assessments from the appellants, to require the District to assess lands in the District omitted by fraud from assessment, and to award damages to appellants for fraud. The complaint was dismissed for failure to state grounds upon which relief could be granted. This is an appeal from that judgment. We affirm in part and reverse in part.

In considering a motion for judgment on the pleadings for failure to state facts upon which relief can be granted, Ark. Rules Civ. Proc. 12 (b) (6), the facts alleged in the complaint are treated as true and are viewed in the light most favorable to the party seeking relief. *Blagg* v. *Fred Hunt Co.,* 272 Ark. 185, 612 S.W. 2d 321 (1981). We have not considered any defenses that were raised or could have been raised in reaching our decision.

The District was created by Ordinance No. 1237 on June 9, 1969, pursuant to Ark. Stat. Ann. § 20-108 (Repl. 1968) which requires a finding by the city council that two-thirds of the property owners in value have signed the petition to create an improvement district. In 1970, Ordinance No. 1260 was enacted assessing benefits on specific parcels as recorded

in the clerk's office. Ark. Stat. Ann. § 20-413 (Repl. 1968). Notice of the establishment of the District and of the assessments was duly published and no action was initiated in chancery court challenging the establishment of the District or the assessments within the 30 days allowed by statute; on appeal this notice is not challenged and is presumed to be sufficient.

Ark. Stat. Ann. § 20-416 (Repl. 1968) provides that if a suit is not brought within 30 days "[A]ll objections to the creation of the district or the validity of the assessment shall be forever barred and precluded." However, our cases have held that such districts can be collaterally attacked even after the 30-day limitation has expired if fraud or demonstrable mistake can be shown. *Little Rock* v. *Katzenstein*, 52 Ark. 107, 12 S.W. 198 (1889).

Appellants rely on a letter written by the attorney for the District as a basis for the fraud. This letter was addressed to a local attorney with information copies to the mayor, one of the commissioners, and Mr. Charles M. Achinakian. This letter makes it clear that the property to be benefited by the improvements was not of sufficient value to justify the bond issue. The letter sought to include industrial plants and downtown businesses in the District for the purpose of increasing the valuation of the property, thereby making it easier to acquire the signature of two-thirds by value of all owners within the District. This letter assured the commercial and industrial owners that no assessment of benefits would be made by the District against their property even though they would be in the District.

Article 19, § 27 of the Arkansas Constitution provides:

Local improvements — Municipal assessments. —Nothing in this Constitution shall be so construed as to prohibit the General Assembly from authorizing assessments on real property for local improvements in towns and cities under such regulations as may be prescribed by law, to be based upon the consent of a majority in value of the property holders owning prop-

erty adjoining the locality to be affected; but such assessments shall be ad valorem and uniform.

Cases interpreting this section have held that the inclusion of property in an improvement district is conclusive of the fact that such property is adjoining the locality to be affected by the improvement. *Little Rock* v. *Katzenstein, supra.* Furthermore, we stated in *Freeze* v. *Improvement Dist. No. 16*, 126 Ark. 172, 189 S.W. 660 (1916), that property adjoining the locality to be affected is any property adjoining or near the improvement which is physically affected, or the value of which is commercially affected, to a degree in excess of the effect upon the property in the city generally, no matter how slight the excess benefit. In this case, we can presume that the property owners, by signing the petition to create the District, acknowledged that they would be benefited in some way. Therefore, appellants' argument that the commercial and industrial property owners received no benefits and were fraudulently included in the District is not well taken. Furthermore, appellants cannot rely on demonstrable mistake in the establishment of the District because the letter is not a part of the face of the record — the creation of the District was not void.

However, the trial court erred in dismissing the portion of the complaint which alleged fraud in the assessments of the District. Ark. Stat. Ann § 20-401 provides:

> As soon as said board of improvement shall have formed said plan, and shall have ascertained the cost of the improvement, it shall report the same to the city or town council, which shall appoint three [3] electors of the city or town, who shall constitute a board of assessment of the benefits to be received by each lot or block, or other subdivision of land within said district, by reason of the proposed local improvement.

And, Ark. Stat. Ann. § 20-404 provides:

> Each of said assessors shall, before entering upon the discharge of his duties, take oath that he will well and truly assess, to the best of his knowledge and abil-

ity, the value of all the benefits to be received by each landowner by reason of the proposed improvements affecting each of said lots, blocks, or parcels of land or railroad tracks and right-of-way within said district. . . .

The allegations of the complaint, which we must take as true, state that the District used its power to make certain that those who had received the letter were not assessed benefits by the District and that the appointed assessors did not in fact assess the property in the District. The complaint also states that the assessors omitted the description of certain lands from their original assessment list and systematically excluded high value property from assessment and included low value property.

*Paving Dists. 2 & 3 of Blytheville* v. *Baker,* 171 Ark. 692, 286 S.W. 945 (1926) upon which appellees rely, is distinguishable from our case. In *Paving Dist.* we assumed that assessors did in fact assess all the property in the district, although they did not assess benefits to all property. Here, the complaint alleges that the assessors did not assess at all and never intended to do so.

We have defined fraud in *Collier* v. *Bd. of Dir.,* 106 Ark. 151, 153 S.W. 259 (1913) as an intent not to exercise an honest judgment, and not to make a true finding but to disregard the facts and make a false finding. The fraud alleged in this case as to the assessments in the District meets the above definition. A court of equity may correct this fraud, if proven, by requiring all property within the District to be assessed and by awarding damages if necessary.

Appellants argue that several streets which by the original ordinance of the city council were to be paved, have not been paved, and no adjustment of their assessments has been made. This part of the complaint, taken as true and taken in the light most favorable to the appellants, is sufficient to raise an issue for revision of the assessments and may be properly considered by the trial court on remand.

Affirmed in part; reversed in part.

HICKMAN, J., concurs.

PURTLE, J., concurs in part, dissents in part.

DARRELL HICKMAN, Justice, concurring. I agree with the result in this case but to avoid any confusion state that I understand the majority's holding to be:

1. The trial court is affirmed in refusing to void the Improvement District.

2. The case is reversed and remanded to permit the appellants to proceed on two alternative prayers for relief.

(a) That the court consider entering an order requiring the assessor to retroactively assess land that was wrongfully omitted.

(b) That the court hear a claim for damages to the plaintiffs against those defendants who acted fraudulently as alleged in Paragraph J of the complaint.

JOHN I. PURTLE, Justice. concurring in part; dissenting in part. I concur in that part of the majority opinion which holds that the persons who signed the petition are presumed to receive benefits and that appellants stated a cause of action which alleged fraud in the assessment of benefits.

I disagree with the majority where it is stated that the letter to the high value property owners was not a part of the record. If the letter was not a part of the record, then it amounted to a fraud upon the bond purchasers. They had the right to rely upon the map and description which purported to show the boundary lines of the property improvement district. The high value property excluded in the letter was included as a part of the district and thereby was a part of the security to the bond holders. On the other hand, if the letter was in the record, the bond purchasers were participants in the fraudulent scheme against the low value residential

property owners. It is admitted that the district could not have been formed had the high value business property not been included within its boundaries.

I feel the appellants stated a cause of action as to both the fraudulent assessment and the formation of the district. At trial facts may develop which will overcome both allegations. However, the pleadings and inferences to be drawn from them standing alone state a cause of action on both counts.

I would reverse and remand as to both allegations.