ARBOR ACRES FARM, INC. *v.* Dale
Lawrence BENEDICT et ux

82-139                                          642 S.W.2d 893

Supreme Court of Arkansas
Opinion delivered December 13, 1982

*Cypert & Roy,* for appellant.

*Pearson, Woodruff & Evans,* for appellees.

FRANK HOLT, Justice. This case arises from a land sale transaction in which Arbor Acres sold a parcel containing approximately fifty-four acres to the Benedicts. A loan was obtained and first mortgage granted to American Savings and Loan Association, which is not a party to this case. Arbor Acres took a second mortgage. Later, American Savings and Loan sued for foreclosure in chancery court, naming the Benedicts and Arbor Acres as defendants. Arbor Acres cross-claimed for default to foreclose on its second mortgage. The Benedicts cross-claimed against Arbor Acres, seeking both reformation and damages, alleging that Arbor Acres had fraudulently misrepresented the quantity of land being sold. Allegedly, 7.995 acres were omitted from the description of the land in the deed. The chancellor, *sua sponte,* dismissed the Benedicts' cross-claim without prejudice. Arbor Acres purchased the land at the foreclosure sale and entered a satisfaction of the judgment against the Benedicts.

Shortly after the foreclosure, the Benedicts filed an action in circuit court to recover damages only on the same grounds they had asserted in their cross-claim, which the chancellor had dismissed without prejudice in the foreclosure action. Arbor Acres denied the allegations and also counterclaimed for reformation due to mutual mistake. Arbor Acres then moved for summary judgment on the theory that the compulsory counterclaim statute then in effect required the Benedicts to assert their claim in the foreclosure proceeding. The circuit court agreed and held that the Benedicts' claim was barred by *res judicata.* On appeal, we reversed, holding that the Benedicts were not barred from asserting their claim due to *res judicata* and the compulsory counterclaim statute, since their cross-claim in the foreclosure action had been dismissed by the chancellor *sua sponte* and without prejudice. *Benedict* v. *Arbor Acres Farm,* 265 Ark. 574, 579 S.W.2d 605 (1979).

On remand Arbor Acres moved to have the case transferred to chancery court, where its counterclaim for reformation, an equitable remedy, could be heard. That motion was

granted. Thereupon, the chancellor granted the Benedicts' motion for judgment on the pleadings to the extent that Arbor Acres' counterclaim for reformation was dismissed with prejudice. The chancellor held that Arbor Acres' counterclaim was barred by *res judicata,* since it could have been filed in the foreclosure proceeding and that the parties had an adequate remedy at law. Accordingly, the chancellor ordered the case returned to circuit court for trial. Appeal is taken from that order.

As the parties have briefed it, the sole issue in this case is whether the chancellor correctly applied the doctrine of *res judicata* to these facts. However, we think the case is resolved by a more elementary consideration.

A basic rule is that a party seeking relief from a court of equity must show that he has no adequate remedy at law. *Rodgers* v. *Easterling,* 270 Ark. 255, 603 S.W.2d 884 (1980); *Cummins* v. *Bentley,* 5 Ark. 9 (1843). The Benedicts have sued for damages. They do not claim any interest in the 7.995 acres omitted from the deed. Arbor Acres has both legal title and possession to that 7.995 acres. The Benedicts must prove that the omission in the description in the deed was intentional in order to succeed in their claim of fraud. *McAllister* v. *Forrest City St. Imp. Dist.,* 274 Ark. 372, 626 S.W.2d 194 (1982); and *Hembey* v. *Cornelius,* 182 Ark. 417, 31 S.W.2d 539 (1930). Here, as indicated, the chancellor dismissed Arbor Acres' counterclaim for reformation and ordered the case re-transferred to circuit court for trial, observing that an adequate remedy existed there. Nothing in the order prevents Arbor Acres from controverting at trial the allegation that the omission was made intentionally and introducing evidence that the alleged omission was merely a mistake. The same proof that might prevail in chancery court in Arbor Acres' counterclaim for reformation could prevail in circuit court in its defense against the Benedicts' action for damages due to alleged fraud. If it prevails in circuit court, Arbor Acres will continue to have possession and legal title to the 7.995 acres, and neither will it be required to pay any damages. Any claim to the 7.995 acres that the Benedicts might assert will be barred by or merged into the judgment in this action for damages. Restatement, Second, Judgments §§ 18, 19 and 24 (1982). Arbor Acres has

received in full all the indebtedness owed it by the Benedicts as indicated by Arbor Acres' satisfaction of judgment and its full and complete release. Therefore, reformation of the deed, as the chancellor observed, "would be a vain and useless act" by that court. For all practical purposes, Arbor Acres will be in the same position by prevailing in circuit court as it would be by prevailing in a court of equity. Consequently, it has, as the chancellor held, a complete and adequate remedy at law. Equity has no jurisdiction when there is, as here, a complete and adequate remedy at law. *Rodgers* v. *Easterling, supra.*

Accordingly, we affirm the chancellor. As ordered by him, the case will be returned to circuit court for trial on the Benedicts' action for damages based upon the alleged fraudulent transaction.

Affirmed.