The Honorable Mike Beebe State Senator 211 Arch Searcy, AR 72143
Dear Senator Beebe:
This is in response to your request for an opinion on the following question: When a bona fide purchaser pays a fair market value in an arms length transaction and the sales price is significantly less than the price assessed and determined by the tax assessor and the Board of Equalization, which takes precedent? In other words, can the Board of Equalization and/or a tax assessor utilize much higher values than are represented by an actual recent sales price if that sales price is an actual bona fide sale?
It must be initially noted in response to this inquiry that the valuations as set out in an assessment list delivered to the assessor by a property owner are not conclusive as to the value of the listed property. Rather, the assessor may make such assessment of the property ". . . as he may deem just and equitable." A.C.A. 26-26-910(a)(1). The assessment, as determined by the county assessor and the board of equalization, will generally be determinative, in the absence of an application for adjustment by the property owner. The property owner has the burden of initiating administrative proceedings for the adjustment of the assessment, in accordance with A.C.A. 26-27-317. See generally, Rodgers v. Easterling, 270 Ark. 255, 603 S.W.2d 884 (1980). No reduction will be allowed "except on evidence corroborative of that of the owner." A.C.A. 26-27-318(d).
It must also be noted that the criterion for assessing real property is, generally, the "true market value in money." A.C.A.26-26-1202. See also, Lile v. Pulaski County Equalization Board,252 Ark. 508, 479 S.W.2d 856 (1972). While a sales price resulting from an arms length transaction is a factor to be considered in determining "true market value," it is not necessarily conclusive, as reflected in the International Association of Assessing Officers ("IAAO") standards contained in the text entitled Property Assessment Valuation (1977).[1]. The following definition of "market value" appears in this text: Market value is the most probable price expressed in terms of money that a property would bring if exposed for sale in the open market in an arm's length transaction between a willing seller and a willing buyer, both of whom are knowledgeable concerning all the uses to which it is adapted and for which it is capable of being used. (Emphasis added.)
It thus becomes apparent that the assessed value may exceed a sales price when taking into account the various elements of this "market value" definition., Although a landowner with a complaint as to the assessment clearly has the right, if timely exercised, to petition the board of equalization for an adjustment (see, A.C.A. 26-27-317), the above-reference IAAO standards, including this definition of "market value", should be considered when making this determination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb
[1] These standards have been adopted by the Assessment Coordination Division of the Arkansas Public Service Commission ("Division") for use in the training course established pursuant to A.C.A.26-26-503 for those seeking a certificate of qualification to conduct appraisals. The IAAO standards are also specifically referenced in A.C.A. 26-26-304 in connection with the Division's duty to prepare a study of the ratio of assessed value to market value. Subsection (a)(3) of 26-26-304 (Supp. 1987) states that "(i)n conducting the studies, the Assessment Coordination Division shall use generally accepted valuation procedures, statistical compilations, and analysis techniques found in the International Association of Assessing Officers standards on ratio studies."