Newman v. Mountain Park Land Company.

Opinion delivered January 13, 1908.

1. TRESPASS—RIGHT TO MAINTAIN.—The common-law rule that, in order to entitle one to maintain an action of trespass to realty, he must have the legal title to the land, or be in actual possession of it, has not been changed by Kirby's Digest, § 7976, which does not change the remedy at common-law, except by trebling the damages. (Page 210.)

2. SALE OF LAND—LIABILITY OF VENDOR FOR WASTE.—Where, after selling land and before it is paid for, the vendor, holding the legal title, commits waste by cutting down and selling timber, the vendee will be entitled in equity to recover the value of the timber so removed. (Page 211.)

3. SAME—WAIVER OF DAMAGES BY ACCEPTANCE OF DEED.—By accepting from his vendor a deed to land sold, the vendee will not be held to have waived his right to claim damages for waste committed by the vendor after the sale and before the deed was executed. (Page 212.)

4. SAME—PARTIES.—In an action by a vendee of land against his vendor for cutting and removing timber therefrom, a person not a party to the contract of purchase is not a proper party to the action. (Page 212.)

5. ACTION—PRACTICE AS TO TRANSFER TO EQUITY.—When a complaint in an action brought in the circuit court states a good cause of action in equity, it is error to dismiss the complaint, instead of transferring the case to the chancery court. (Page 212.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed.

*Campbell & Stevenson,* for appellant.

1. The theory upon which the court sustained the demurrer, *i. e.* that at the time the trespass was committed, appellant was not the legal owner, and not in actual possession of the land, was erroneous.

The effect of the contract between the parties was to create a mortgage in favor of the vendors upon the land to secure the purchase money, subject to all the essential incidents of a mort-

gage.  13 Ark. 533; 27 Ark. 61; 29 Ark. 357; 34 Ark. 113; 16 Ark. 126; 14 Ark. 633; 66 Ark. 170:

2. In the absence of previous knowledge of the timber cutting acquiesced in by appellant, the acceptance of the deed did not estop him from claiming damages to the property. Estoppel applies only where one by word, act or acquiescence induces another to do something. 36 Ark. 96. The law imposed the duty upon appellee to execute the deed upon payment of the purchase money, and its execution and delivery can not be construed to have been done by virtue of any word, act or inducement of appellant, but only as a compliance with the contract. 22 Ark. 427.

3. There was constructive possession by appellant, and therefore the right to maintain the suit. 26 Ark. 505.

*Carmichael, Brooks & Powers,* for appellees.

1. In order to recover for trespass the plaintiff must show title or actual possession. There can be no constructive possession without title. 44 Ark. 77; 65 Ark. 426; 26 Am. & Eng. Enc. Law, 584, 585; 2 Words & Phrases, 1474; 21 Enc. Pl. & Pr. 824; 1 Cyc. 1123.

The complaint does not state facts sufficient to constitute color of title at the time of the alleged trespass. An agreement to sell and convey is no more than a bond for title, which is no color of title, and there can be no constructive possession without color of title. 67 Ark. 188; 1 Cyc. 1044; 2 Words & Phrases, 1264; 173 Mass. 46. See also 14 Hun (N. Y.), 162; 6 Atl. 346.

2. The deed to plaintiff did not give title and right to maintain trespass from date of the contract. He took the land in the condition it was in at the time of the deed, and his acceptance of the deed estopped him from claiming damages for trespass. 76 Ark. 428.

3. There was a misjoinder of parties.

BATTLE, J. A. L. Newman commenced an action in the Pulaski Circuit Court in which he was plaintiff and the Mountain Park Land Company and H. F. Auten were defendants. He alleged in his complaint that, on or about the 13th of April, 1904, he made and entered into a contract with the Land Com-

pany, by which it bargained and sold to him a certain lot of land at and for the price of $1,000, of which he paid the sum of $100, and for the remainder executed his notes each for the sum of forty dollars, the first payable on the 13th day of May, 1904, and the others on the 13th day of each month thereafter until all matured, only one falling due in the same month. That, pursuant to the terms of the contract, on the 6th day of February, 1906, the Land Company conveyed the land to him by warranty deed. That in the month of April, 1905, after he had paid more than $500 of the purchase money, and without his knowledge or consent, the Land Company and H. F. Auten wilfully anl maliciously cut from the land more than one hundred shade trees, ranging in diameter from six to twenty-four inches, and a great number of smaller trees, to the damage of the land of at least $1,000, and cut and hauled from the land and sold twenty-five cords of stave bolts or wood. That he was in the constructive possession of the land at the time of the cutting of the trees and the removal of timber. The prayer of the complaint was for treble damages under section 7976 of Kirby's Digest.

He did not allege that he had the legal title to the land or was in actual possession at the time the trespasses were committed.

The defendants demurred to the complaint because it did not state facts sufficient to constitute a cause of action, and because of misjoinder of parties and causes of action.

The court sustained the demurrer, and dismissed the complaint, and plaintiff appealed.

Appellant seeks relief under section 7976 of Kirby's Digest, which is as follows:

"If any person shall cut down, injure, destroy or carry away any tree placed or growing for use or shade, or any timber, rails or wood standing, being or growing on the land of another person, or shall dig up, quarry or carry away any stone, ground, clay, turf, mold, fruit or plants, or shall cut down or carry away any grass, grain, corn, cotton, tobacco, hemp or flax, in which he has no interest or right, standing or being on any land not his own, or shall wilfully break the glass, or any part of it, in any building not his own, every person so tres-

passing shall pay the party injured treble the value of the thing so damaged, broken, destroyed or carried away, with costs."

"This court has repeatedly held that, in order to entitle one to maintain an action of trespass to realty, he must have either the actual or constructive possession thereof. He must have the legal title to, or be in the actual possession of, the land." *Taylor* v. *State*, 65 Ark. 600, and cases cited; *Merrick* v. *Britton*, 26 Ark. 496; *Price* v. *Greer*, 76 Ark. 426.

. Possession follows the legal title, in the absence of any possession adverse to it. *Ringo* v. *Woodruff*, 43 Ark. 469, 485.

"Whatever may be the rights of contract purchasers when they have fulfilled all the conditions, and become absolutely entitled to a conveyance, there is no foundation for the claim that they are the owners of the land before that time. Unless they have acquired possessory rights, the holder of the title must be the only person who can legally complain in a court of law of injuries to the freehold. There can be no double recovery for trespasses and spoliations; and, until the contract is complied with, the land and timber belong in law to the legal owner." *Moyer* v. *Scott*, 30 Mich. 345, 347.

The statute relied on does not change the rule of common law as stated above. It does not change the relief or remedy, except by trebling the damages.

The rule is different in equity. It is said: "Where a vendor sells lands, takes the notes of the vendee for the purchase money, and executes to him a bond for title, the effect of the contract in equity is to create a mortgage in favor of the vendor upon the land to secure the purchase money, subject to all the essential incidents of a mortgage." (*Smith* v. *Robinson*, 13 Ark. 533; *Harris* v. *King*, 16 Ark. 126; *Strauss* v. *White*, 66 Ark. 167.) If he (vendor) be in possession of the land, he "must not make other than ordinary use of the land, and he will be enjoined from committing waste, such as cutting trees, carrying or removing soil." 6 Pomeroy's Equity Jurisprudence, § 857. Mr. Pomeroy says: "Vendor may be liable for deterioration. This rule is well stated by Lord Coleridge: 'During the interval prior to completion the vendor in possession is a trustee for the purchaser, and as such has duties to perform towards him, not exactly the same as in the case of other trustees,

but certain duties, one of which is to use reasonable care to preserve the property in a reasonable state of preservation, and so far as may be, as it was when the contract was made;' or as Lord Kay expressed it, 'to take reasonable care that the property is not deteriorated in the interval before completion.'" 6 Pomeroy's Equity Jurisprudence, § 858.

The rule in this case is correctly stated in the syllabus of *Worrall* v. *Munn*, 53 N. Y. 185, as follows: "Where waste has been committed by a vendor of land, pending a contract of purchase, by cutting down and carrying away timber, or by removing other valuable materials belonging to the freehold, the diminution in the value of the land is not the exclusive measure of damages. In equity everything forming a part of the inheritance belongs to the vendee from the date of the contract, and the rights and liabilities of the parties will be adjusted upon that assumption, and the vendee is entitled to recover the value of the materials so removed." This right is based upon the contract of the vendor with the vendee. 2 Warvelle on Vendors (2 Ed.), § § 956, 957.

In taking the deed from the vendor the appellant did not waive damages. The complaint fails to show anything in his acceptance of the deed to the land from the vendor inconsistent with his claim for damages. Appellant alleges that the trees and timber were cut and removed without his knowledge or consent. He is not estopped from claiming the damages. He is entitled to the land and the timber, and there is nothing inconsistent in his claiming both. There was nothing to indicate an intention to surrender or abandon either at any time; and there was no consideration upon which to base a waiver.

Auten was not a proper party to this action. He was not a party to the contract of purchase.

The circuit court erred in dismissing the complaint. The action should have been transferred to the chancery court. Kirby's Digest, § 5991; Acts of 1885, page 174, § 12.

Reverse and remand cause with directions to the court to transfer the action to the proper chancery court.