SUHS *v*. HOMEWOOD RICE LAND SYNDICATE.
SUHS *v*. MOEKER AND GOTTSCHALK.

Opinion delivered March 5, 1917.

1.  COUNTERCLAIM AND SET-OFF—FAILURE TO PLEAD—FUTURE RIGHT.—
    In an action at law, on contract, the defendant cannot plead a
    claim for unliquidated damages as set-off, and therefore his failure
    to do so will not affect his right to bring an independent action at
    law against the plaintiff on his claim.

2.  COUNTERCLAIM AND SET-OFF—NONRESIDENT PARTIES—TRANSFER
    TO EQUITY—ERROR.—Plaintiff, a nonresident, brought an action at
    law against defendants, who were also nonresidents; the defendants
    plead a set-off. *Held*, it was error to transfer the cause to equity,
    and since plaintiff was entitled to have the issues of fact raised by the
    pleadings submitted to the jury, the transfer to equity constituted
    prejudicial error.

Appeal from Prairie Chancery Court, Southern District; *John M. Elliott*, Chancellor; reversed.

*C. B. & Cooper Thweatt*, for appellant.

1.  The case should not have been transferred to the chancery court. The transfer was made evidently on the theory that a counterclaim or set-off could not be set up in a court of law because plaintiff was a nonresident. 95 Ark. 488. Plaintiff was not insolvent nor is it so alleged; nor is it alleged that he did not have property subject to attachment in this State. The plaintiff and defendants are both residents of Illinois. 92 Ark. 594; 101 *Id.* 493; 25 Enc. Law, 546; 3 Johns. Chy. 569.

2.  Except for the alleged set-off the issues were purely legal, and plaintiff had a constitutional right to a trial at law. 73 Ark. 463; 75 *Id.* 403; 93 *Id.* 381. The transfer to chancery and the refusal to transfer back to the law court was prejudicial error.

3.  The court erred in dismissing the complaint. The contract creates the relation of master and servant; the contract was not separable or divisible; Suhs was not discharged, but completed his term of employment. Defendant did not repudiate the contract but paid $3,500 of the agreed amount and stands on the contract and claims damages for failure to comply with its terms by counterclaim. Under the circumstances Suhs was entitled to re-

cover the entire balance promised under the contract. 35 Ark. 755; 97 *Id.* 278; 64 *Id.* 38; 105 *Id.* 356. He fully complied with it.

4. The judgment for defendants on the counterclaim is contrary to the law and the evidence. 105 Ark. 421. The intention of the parties and the "situation" should govern in construing the contract. 104 *Id.* 486. What the parties have done is a potent factor to explain its terms. 95 Ark. 449; 104 *Id.* 466; 88 *Id.* 363. The judgment on the counterclaim is clearly contrary to the evidence. 101 Ark. 103; 102 *Id.* 386.

*John L. Ingram,* for appellee.

1. The appellant did not comply with his contract. All of the tract was not watered, nor was the rice all cut. Sowing was delayed and the pumps were not started in time nor kept running as needed.

2. The court found that plaintiff failed to properly irrigate, cultivate and harvest the crop. The damages exceeded the amount claimed. The decree is just, except the counterclaim should have been allowed.

3. Appellant was a nonresident, and the transfer to chancery was proper. 92 Ark. 594; 101 *Id.* 493; 34 Cyc. 641, 626-7, 633; 123 Ark. 40.

4. The evidence sustained the counterclaim or set-off. 92 Ark. 594; 34 Cyc. 641; 101 Ark. 493; 34 Cyc. 626-7, 633

Hart, J. Edward Suhs brought separate suits against the Homewood Rice Land Syndicate and Henry Gottschalk and Henry Moeker to recover amounts alleged to be due him for raising rice crops on the land of the defendants.

Henry Gottschalk and Henry Moeker lived at Homewood, Illinois, and owned a tract of land in Prairie County, Arkansas, comprising one hundred and sixty acres. They organized a corporation called the Homewood Rice Land Syndicate, which was located at Homewood, Illinois, and this corporation owned a one-half section of land in Prairie County, Arkansas. Gottschalk

and Moeker entered into a written contract with Edward Suhs to raise one hundred and forty acres of rice for them on their land in Prairie County, Arkansas.

The Homewood Rice Land Syndicate Company also made a contract with him to cultivate three hundred acres of rice on their lands in Prairie County during 1912. Suhs came to Arkansas pursuant to the contract and raised a rice crop for the corporation and for Moeker and Gottschalk during the year 1912. By agreement of the parties the terms of both these written contracts were extended to cover the year 1913. Under the terms of the contract Suhs remained on the lands and put into cultivation and gathered a rice crop during the year 1913. Moeker and Gottschalk and the Homewood Rice Land Syndicate Company paid him part of the money stipulated in the contract for raising the rice but refused payment of the balance on the ground that he had not complied with his contract in that he had not put in all the land, had not properly irrigated the land and cultivated it in the manner provided for in the contract and had not gathered all the rice which had been grown. As above stated, he brought separate suits to recover the amounts alleged to be due him under the contract for growing and gathering the rice crop. Each defendant filed an answer setting up a counterclaim on account of the failure of the plaintiff to carry out the terms of his contract as above stated, and each defendant also filed a set-off, which will be more particularly stated hereafter. Over the objection of the plaintiff, the court transferred the cases to the chancery court. The plaintiff saved his exceptions thereto. When the cases were transferred to the chancery court the plaintiff moved to transfer them back to the circuit court. The court overruled his motion and he saved his exceptions thereto. Testimony was taken by the plaintiff to establish his cause of action and testimony was taken by each defendant to establish the counterclaim filed in the action. The amount of land which the plaintiff agreed to plant and cultivate in rice for the Homewood Rice

Land Syndicate was three hundred acres. He sued that corporation for the sum of $1,500 for the amount alleged to be due him. The defendant put in a counterclaim for the sum of $5,625, and asked that it be allowed a set-off in the sum of $163.35. The defendant also filed a cross-complaint. An attachment had been issued and levied by the plaintiff on the lands of the corporation on which the rice was grown. The court found that there was no equity in either the plaintiff's complaint or the defendant's cross-complaint and decreed that both should be dismissed for want of equity and that the writ of attachment issued and levied on the land of the defendant should be dissolved.

Suhs sued Gottschalk and Moeker for $1,550. Under the contract he was to raise one hundred and forty acres of rice for them. They filed an answer and counterclaim and also a cross-complaint. They asked that $9,725 be allowed as a counterclaim and that $170 be allowed as a set-off.

The plaintiff introduced testimony tending to maintain his cause of action and the defendants introduced testimony tending to support their counterclaim and set-off. An attachment was also issued and levied upon the lands of the defendants upon which the rice was grown.

The chancellor found that the plaintiff's complaint should be dismissed for want of equity and the writ of attachment should be dissolved. The chancellor further found that the defendants were entitled to recover from the plaintiff the sum of $3,400 by way of counterclaim, and that plaintiff is indebted to defendants in that sum as damages for breach of contract, and decree was rendered accordingly. The plaintiff has appealed from both decrees.

In the case of Suhs against the Homewood Rice Land Syndicate the defendant alleges that a quantity of what is called "cracked rice" of the value of $163.35 accumulated on the place in the fall of 1913, and pleads this as an equitable set-off to the demand of the plaintiff.

In the case of Suhs against Gottschalk and Moeker,

the contract provided that the defendants were to furnish a thresher to thresh the rice; that the plaintiff used this thresher to thresh the rice of other parties and received therefor the sum of $170 which is pleaded as an equitable set-off to the demand of the plaintiff. It is sought to uphold the decree in each case on the ground that the plaintiff was a nonresident and that the set-off pleaded as above stated gave the chancery court jurisdiction.

(1)   The plaintiff resided in the State of Illinois and came to the State of Arkansas to raise a rice crop for the defendants in each case under the contracts above set forth in 1912. The terms of the contract were also extended for the year 1913. The plaintiff remained here and grew a rice crop for the defendants for the year 1913. He was here when he brought his action against the defendants but soon moved back to Illinois to again become a resident of that State. Both the defendants are nonresidents of this State. The defendants seek to uphold the jurisdiction of the chancery court on the authority of *Ewing-Merkel Electric Co.* v. *Lewisville Light & Water Co.*, 92 Ark. 594. In that case the court held that in a suit upon contract by a nonresident against a resident of this State, the defendant will be allowed in equity to set-off a claim for unliquidated damages growing out of the breach of an independent contract between the parties. In that case the court recognized that as to a set-off equity generally follows the law and will only extend the doctrine of set-off and claims in the nature of set-off beyond the law in cases where peculiar equities intervene between the parties. Unliquidated damages arising from a breach of contract or from a tort are not the subject of set-off at law. *Stewart* v. *Scott,* 54 Ark. 187. They may be set off in equity only where peculiar equities intervene between the parties. The non-residence of the plaintiff was recognized in the case last cited as a ground in equity for permitting a resident defendant to plead in set-off of the plaintiff's demand his claim for unliquidated damages. The decision in that case was not wholly based on the fact of the plaintiff being a nonresident, but the fact that the

defendant was a resident was of equal force. In an action at law on contract, the defendant can not plead as a set-off his claim for unliquidated damages, and for this reason his failure to do so would not affect his right to bring an independent action at law against the plaintiff on his claim against the latter. Where the plaintiff is a non-resident, service of process in an independent action can not be had within the jurisdiction in which he is attempting to enforce his demand against a resident of this State, and it would be inequitable to allow him to enforce his demand and deny relief to a resident defendant in the same action. Here the defendants were non-residents. In the one case, the defendant was a non-resident corporation and in the other the defendants were non-resident persons. Hence there was an entire absence of equitable jurisdiction and the circuit court erred in transferring the cases to the chancery court. *First National Bank of Lake Providence* v. *Reinman,* 93 Ark. 376.

(2) The plaintiff made objections to the transfer and properly saved his exceptions to the orders of the court in transferring the case to equity. He then moved the chancery court to transfer the case back to the circuit court, and upon its refusal to do so saved his exceptions thereto. This brings us to the question of whether or not he was prejudiced by the action of the court; for it is well settled in this State that the judgment of the lower court will only be reversed for errors prejudicial to the rights of the party appealing.

It appears from the record that the plaintiff brought this suit to recover an amount alleged to be due him under a written contract with the defendants to raise a crop of rice on their lands. According to the testimony introduced by the plaintiff he in all respects complied with his contract and was entitled to recover from each of the defendants.

According to the testimony introduced by the defendants in each case, the plaintiff had failed to comply with the provisions of his written contract with them and they were entitled to recover against him on their counter-

claims. Inasmuch as there were no grounds for the assertion of any right by the defendants in a court of equity, the plaintiff had a right to have the issues of fact raised by the pleadings and the testimony submitted to a jury.

It follows that the court erred in transferring the cases to the chancery court, and for that error the decree, in each case will be reversed and the cause remanded with directions to transfer the cases back to the circuit court and for further proceedings according to law.

It is so ordered.