WEAST *v.* WICKERSHAM.

Opinion delivered May 28, 1917.

1. JUDGMENT—SET-OFF.—A complaint alleging that a partnership between plaintiff and defendant's intestate had been dissolved, that plaintiff had paid a judgment secured against him in another State on a partnership debt, that defendant's intestate resided in another State, and that defendant had secured a judgment

in this State, against plaintiff, with prayer that the judgments be set-off against each other, states no cause of action at law.

2. JUDGMENT—SET-OFF—CONSTRUCTION OF STATUTE.—Kirby's Dig., § 6238, providing that judgments may be set off against each other "where both judgments are in the same court or in an action by equitable proceedings in the court in which the judgment sought to be annulled by the set-off was rendered," has no application to probate judgments, and it is doubtful whether it applies to foreign judgments.

3. TRIAL—TRANSFER OF CAUSES.—Where the facts stated in the complaint, though insufficient to state a cause of action at law, afford sufficient ground for equitable relief, the court should treat a demurrer as a motion to transfer the cause to equity, and make an order of transfer.

4. SUBROGATION—PAYMENT OF JUDGMENT BY PARTNER.—Where a partnership between plaintiff and defendant's intestate was dissolved, and creditors subsequently secured judgment against plaintiff who paid the judgment and took an assignment thereof, after the administrator had secured a judgment in another State against plaintiff, he was a creditor of the estate, and entitled to subrogation to the rights of the creditors whose judgment he paid.

5. JUDGMENT—SET-OFF.—A resident of this State, having paid a judgment against a partnership, consisting of himself and intestate and having no legal remedy against a judgment of the foreign administrator of such intestate against him, is entitled to equitable relief by reasonable extension of the doctrine of set-off.

Appeal from Marion Circuit Court; *J. I. Worthington,* Judge; reversed.

*Gus Seawel,* for appellant.

1. The primary estate is *wholly insolvent* and, the judgments being unpaid, the appellant was compelled to pay, and did pay off, the claims and took an assignment. The ancillary estate is solvent and has ample funds to discharge the claims without recourse to a collection of this circuit court judgment against appellant. The demurrer was improperly sustained. Upon the dissolution of the partnerships and the assumption by each partner of the debts owing by the firm business acquired by him, the relation of principal and surety became thereby established between the acquiring and retiring

partner. 32 Cyc. 36 (III) ; 12 Fla. 315; 120 Ga. 689; 109 Ill. 602; 105 Ind. 415; 103 Mich. 326; 87 N. Y. 220; 30 Cyc. 612, (2), 708 (f).

2. By reason of payment of the debts appellant was subrogated to the securities held by the owners of the probate judgments and entitled to payment out of the primary administration. 34 Ark. 117; 54 *Id.* 33, 36; 31 *Id.* 174; 103 *Id.* 473.

3. The set-off should have been allowed, at least as equitable set-off, and the cause transferred to chancery for the purpose. 107 Ark. 70; 1 Pom. Eq. Jur. (2 Ed.), § 186; 71 Ark. 218; 1 Pom. Eq. Jur. (2 Ed.), § 410. In any view of the case, the complaint stated a good cause of action in equity, and the demurrer should have been treated as a motion to transfer to equity. 107 Ark. 70.

McCULLOCH, C. J. The circuit court sustained a demurrer to appellant's complaint, and after refusing to plead further he appealed from the judgment of the court dismissing the complaint. The facts set forth in the complaint are in substance as follows:

Appellee's intestate, J. E. Wickersham, resided in Stone County, Missouri, and died there, and letters of administration on the estate were duly issued by the court there, exercising probate jurisdiction. There was no administrator in Arkansas for a time, and the Missouri administrator instituted an action in the circuit court of Marion County, Arkansas, against appellant to recover an amount alleged to be due as damages for conversion of personal property owned by the decedent. During the progress of that action letters of administration on the estate of said decedent were issued to appellee from the probate court of Marion County, and he was substituted as plaintiff in the action instead of the Missouri administrator. The action proceeded to trial and judgment which was in favor of appellee as administrator aforesaid and against appellant for the recovery of a certain sum of money.

Appellant and Wickersham were copartners in the mercantile business and operated a store in Stone County,

Missouri, and also one in Marion County, Arkansas. The partnership was dissolved, and thereafter two joint promissory notes were executed by the two partners to creditors, one to the International Harvester Company for $96.75, and the other to the McGregor-Noe Hardware Company in the sum of $309.21. Nothing was paid on the notes, and after the death of Wickersham said creditors probated their respective claims in Stone County, Missouri, where the primary administration was pending. Appellant paid off the judgments of allowance to the said respective creditors and said judgments were assigned to him. This occurred after the rendition of the judgment in the Marion Circuit Court against appellant in favor of the administrator. The estate of Wickersham in Missouri is insolvent, and nothing has been paid on those judgments by the estate. There is sufficient property in Arkansas to pay off and discharge all debts against the estate without recourse to the collection of the judgment obtained by the administrator against appellant.

Appellant is, and has been throughout the transactions referred to, a citizen of Marion County, Arkansas, and he instituted this action in the circuit court setting forth the foregoing facts, and asking that his claim as a creditor of the estate of Wickersham, by reason of having discharged the partnership liabilities evidenced by the judgments against the estate in Missouri, be set off against the Arkansas judgment against him in favor of the administrator. The complaint sets forth no cause of action at law, and the lower court was correct in its ruling to that extent. The ruling of the court in that respect is not assailed here by counsel in his brief.

There is a statute here providing that judgments may be set off against each other "where both judgments are in the same court, or in an action by equitable proceedings in the court in which the judgment sought to be annulled by the set-off was rendered." Kirby's Digest, § 6238. This statute obviously has no application to judgments of probate courts, and it may well be doubted whether it has application to proceed-

ings to off-set a judgment rendered in another State. However, if the facts stated in the complaint afford sufficient grounds for equitable relief, the court, instead of sustaining the demurrer, should have treated it as a motion to transfer the cause to the chancery court, and made the order of transfer accordingly. *Newman* v. *Mountain Park Land Co.,* 85 Ark. 208.

The question which arises is whether or not appellant is, according to the facts stated, entitled to equitable relief. Appellant must be treated as surety of his deceased copartner to the extent of the latter's liability for the firm's debts, and is entitled to subrogation to the rights of the creditors with whom that liability was discharged. In addition to that, appellant took an assignment of the judgments of the creditors and paid the money instead of satisfying the judgments. In any view of the matter, appellant is a creditor of the Wickersham estate, his claim having matured subsequent to the rendition of the judgment against him in favor of the Arkansas administrator. It is too late to probate his claim in the ancillary administration pending in Arkansas, and unless he is entitled to a set-off against the judgment, he will be entirely deprived of his right to enforce the liability to him of his deceased partner for a share of the partnership debts.

There being no remedy at law to appellant as a citizen of the State, equity will afford one if it can be done by a reasonable extension of the doctrine of set-off. "It has already been suggested" said Story in his work on Equity Jurisprudence (Vol. 2, Sec. 1437), "that courts of equity will extend the doctrine of set-off and claims in the nature of set-off beyond the law in all cases when peculiar equities intervene between the parties. These are so very various as to admit of no comprehensive enumeration."

The above statement was quoted with approval by this court in the case of *Ewing-Merkel Electric Co.* v. *Lewisville Light & Water Co.,* 92 Ark. 594, where we decided that (quoting from the syllabus) : "In a suit upon

contract by a nonresident against a resident of this State, the defendant will be allowed in equity to set-off a claim for unliquidated damages growing out of the breach of an independent contract between the same parties.'' The same doctrine was recognized by this court in the recent case of *Suhs* v. *Homewood Rice Land Syndicate,* 128 Ark. 19, though the facts in that case were found not to call for its application.

Authorities are cited in that case which we think fully sustain appellant's right to relief in the present instance. It is not proper to state in advance the full extent to which relief may be granted, for the answer and the proof in the case may develop countervailing equities which would deny or limit appellant's relief, but, upon the facts stated, we think that appellant was entitled in equity to set off his claim against the judgment recovered by the administrator, and that the court erred in not transferring the cause to the chancery court so that that relief can be granted.

The decree is, therefore, reversed and the cause remanded with directions to overrule the demurrer and to order the cause transferred to the chancery court.