## McCARROLL v. NEWSHAM.

(Circuit Court of Appeals, Fifth Circuit.   January 26, 1922.)

No. 3723.

1. **Evidence ⚮320—Calculation based on testimony of others is not objectionable as hearsay.**

   Where those who had at defendant's request cut the timber on land sold to plaintiff testified that they pointed out to plaintiff's son the stumps from which the timber had been cut, and an expert timber estimator testified he could tell from the stumps what timber had been cut since the sale to plaintiff, testimony by plaintiff's son as to a calculation by him of the quantity of timber cut was not objectionable as hearsay.

2. **Witnesses ⚮240(2)—Objection to question as leading is addressed to trial court's discretion.**

   The ruling on an objection to a question asked a witness on the ground that the question was leading is within the discretion of the trial court.

3. **Appeal and error ⚮1052(5)—Evidence as to loss of chattels on property sold held harmless, in view of the verdict.**

   In action by a purchaser against his vendor to recover for timber cut on the premises after the sale and for the removal of certain personal property therefrom, the admission of evidence that one of two circular

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

saws on the premises had been broken and another loaned to a neighbor, though erroneous, was not prejudicial to defendant, where the fact that the personal property had been unlawfully disposed of was abundantly shown by other testimony, and the jury awarded plaintiff a verdict for less than the value of the timber as shown by the evidence.

**4. Appeal and error ⟜977(5)—New trial ⟜6—Denial of new trial is not assignable as error.**

Denial of a motion for a new trial rests within the discretion of the trial court, and is not assignable as error.

**5. Compromise and settlement ⟜24—Testimony settlement was procured by fraud raises jury question.**

In an action for the cutting of timber on land sold to plaintiff, where the defendant alleged a settlement, testimony on behalf of plaintiff that the settlement was based on defendant's representations of the amount of timber cut by him, which representations were shown by undisputed evidence to be false, raises a jury question whether the settlement was binding on plaintiff.

**6. Vendor and purchaser ⟜203—Vendor cannot commit waste after giving option.**

Even if a contract between plaintiff and defendant was a mere option to plaintiff to purchase the land, it was the duty of defendant to maintain the property in the condition it was when he gave the option, and not to commit waste by cutting the timber thereon; and on the exercise of the option by plaintiff his rights related back to its date, and he can recover for the timber cut in the meantime.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by James A. Newsham against Thomas O. McCarroll to recover damages for the cutting of timber on property sold by defendant to plaintiff. Judgment for plaintiff, and defendant brings error. Affirmed.

B. B. Purser, of Amite, La., for plaintiff in error.

George Janvier, of New Orleans, La., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. August 6, 1919, plaintiff in error (hereinafter called defendant) executed and delivered to defendant in error (hereinafter called plaintiff) the following written instrument:

"In consideration of twelve hundred dollars, the same being 10 per cent. of the price of my farm, I hereby give to J. A. Newsham, of city of New Orleans, La., the option to purchase my farm of about 260 acres, more or less, located east of Tickfaw, La. The purchase price to be $12,000, which includes the improvements thereon. The titles to pass, as soon as titles are found to be O. K. Possession to be given in January, 1920. Terms of sale to be one-half cash, and balance on terms of $1,000, annually. Int. 8 per cent. per annum.

"Dated Aug. 6/19."

November 26, 1919, by act of sale, title to the real property was conveyed by the plaintiff to the defendant, and also title to farm implements, "and such other personal property as has been mutually agreed upon." Plaintiff sued to recover the value of certain timber, which he alleged the defendant had cut and removed from the lands

after the execution of the contract above set out. Included in the petition also was a claim for the value of certain described movable property.

By his answer the defendant put in issue the material allegations of the petition, and also pleaded that he had removed some timber with the plaintiff's consent, and that the plaintiff had accepted the sum of $346 in full settlement. According to the plaintiff's evidence, a large number of pine, cypress, gum and magnolia trees, containing 150,000 feet or more of lumber, and a few oak trees, were cut by defendant, and had been manufactured into lumber and sold. Witnesses who claimed to have cut the timber for the defendant testified that they pointed out to the plaintiff and his son stumps from which the timber had been cut. There was also testimony that the plaintiff and his son made an estimate of the contents of the timber, based upon information received by them from the witnesses who testified that they had cut it. Evidence was furnished by a timber estimator of much experience, and admitted to be an expert by the defendant at the trial, to the effect that he was able to determine whether the timber had been cut since the summer of 1919, and that he had examined the stumps and treetops. His testimony corroborated in large degree the other evidence as to the amount of timber taken from the lands.

The plaintiff went into possession in January, 1920. It is admitted that shortly thereafter he made claim against the defendant for timber wrongfully taken, and accepted in settlement the sum of $346. But the plaintiff testified that this settlement was made upon the defendant's representation that he had removed only a small quantity of the trees of a value less than $800; that the settlement was made before he had made an examination, and in the belief that defendant's representation was true. Testimony was admitted, over the defendant's objection and exception, that two circular saws were on the place before it was sold, one of which was afterwards broken and the other was lent to a neighbor.

The defendant gave testimony of the settlement for the timber removed, and also as to the value of timber and lumber at that time. The jury found for the plaintiff, and judgment was entered upon their verdict.

[1] Error is assigned upon the admission of plaintiff's testimony as to the quantity of timber removed, upon the ground that it was hearsay, and based upon the record kept by plaintiff's son. We are of the opinion that the testimony was admissible when taken in connection with other testimony in the case. The testimony of the plaintiff's son as to the quantity of timber was likewise objected to, also upon the ground that it was hearsay, in that it was based upon information received from the witnesses who cut the timber. Neither the testimony of this witness nor that of the plaintiff was objected to upon the ground that it was nothing more than calculations which the jury itself could make. The witnesses who cut the timber testified that they pointed out to plaintiff and his son the stumps of the logs they cut. It was permissible—indeed, it was necessary—for some one to make the calculations, in order to enable the jury to find the quantity of timber removed.

[2] There is an assignment of error to the effect that the court overruled an objection to a question on the ground that it was leading. It is too well settled to justify a citation of authorities that such questions are within the discretion of the trial court.

[3] The overruling of an objection to testimony as to the two circular saws is also assigned as error. We are of opinion that the objection to the question calling for this evidence should have been sustained, but the error appears to have been harmless. The answer, to the effect that one of the saws had been broken, and the other lent out was not reasonably calculated to affect the case. It is true, as argued, that it had a tendency to show the unlawful disposition of plaintiff's property; but that fact was abundantly shown by other testimony which was admitted, and to which no objection was or could have been made. It affirmatively appears that the jury was not prejudiced; for the verdict was for less than the value of the timber wrongfully cut and removed.

[4] The denial of a motion for new trial rests within the discretion of the trial court, and is not assignable as error.

[5] It is contended that the court should have instructed the jury that the settlement was binding upon the plaintiff, and operated to defeat his cause of action. The plaintiff's testimony, that the settlement was made in the belief that the defendant's statement of the amount of timber removed was true, and the undisputed proof that it was not true, afforded full justification for the submission of the case to the jury.

[6] The real defense in this case is based, not upon the contention that the defendant removed timber with plaintiff's consent, nor upon subsequent approval, ratification, and settlement, but upon the proposition that pending a completed sale the defendant had the lawful right to remove timber, and as much of it as he desired, because the plaintiff only had an option to buy under the terms of the instrument executed by the defendant in August, 1919. It makes no difference in this case whether that instrument was an option or a contract of sale. In either event, it was the duty of plaintiff to maintain the property in its then condition. He had no right to commit waste by stripping the land of timber upon it. Upon the exercise of an option the rights of the parties relate back to its date. Newman v. Mountain Park Land Co., 85 Ark. 208, 107 S. W. 391, 122 Am. St. Rep. 27; Weakland v. Hoffman, 50 Pa. 513, 88 Am. Dec. 560.

There was a motion to award damages as for a frivolous appeal, which is denied; it appearing to our satisfaction that the writ of error was sued out in good faith.

The judgment is affirmed.