Hayes v. Bankers' & Planters' Life Association of Fort Smith.

Opinion delivered May 12, 1924.

1. Insurance—right of beneficiary of matured policy.—Where the only interest plaintiff had in a mutual benefit insurance company was as holder of a matured policy payable in accordance with the company's by-laws, his only right of action was at law to recover the amount due, and, in the absence of a showing of insolvency, he was not entitled to the equitable relief of an accounting of insurer's funds.

2. Trial—wrong forum—transfer.—Where a cause of action cognizable at law was improperly brought in equity, it was error to dismiss the action, but the court on its own motion should have transferred the cause to the circuit court.

3. Costs—in equity.—Where a cause of action cognizable at law was dismissed in equity as improperly brought in that court, the plaintiff will be denied his costs on appeal if he failed to ask for a transfer to the law court.

4. Costs—discretion in equity.—The matter of costs in equity is one of discretion.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; reversed.

*Gordon & Combs,* for appellant.

It was error to sustain the demurrer and dismiss the complaint, as the amended complaint alleged sufficient to give a court of equity jurisdiction. A court of equity was the only place where he could obtain complete relief. 31 Ark. 353; 2 Dev. Eq. R. 370; 4 Cowen 727. A chancery court can require a public officer to pay back fees illegally collected. 85 Ark. 89. The complaint alleged fraud. Officers of such an association are held to be trustees for members and beneficiaries. 68 N. E. 1106. A beneficiary has an interest fixed and certain upon the death of a member, and he may compel the association to levy an assessment for its payment. 14 A. S. R. 519. Where an assessment is collected and wrongfully diverted to another purpose, the funds may be followed and recovered. 100 N. W. 622. It was the duty of the officers to at all times keep the circles full. 23 Am. S. R. 664.

Money collected for the payment of death claims cannot be used to pay salaries. 100 N. W. 629. By-laws cannot be changed after the issuance of a policy so as to render it worthless. 47 L. R. A. 140.

*Strait & Strait,* for appellee.

By-laws of an association like appellee have been held valid where they limit the amount of recovery to a beneficiary to one assessment levied upon members of the circle. 155 Ark. 450; 157 Ark. 597. A beneficiary has no right of action resulting from an illegal assessment or the failure to set apart reserve funds with which to discharge the certificate; he is only entitled to what can be realized under the certificate and by-laws. 4 L. R. A. (N. S.) 870; A. & E. Enc. L., vol. 3, p. 1015; 117 Ark. 121; 52 Ark. 201; 80 Ark. 419; 150 S. W. 561; 63 L, R. A. 347. Appellee had the right to amend its by-laws, and they are binding upon members. 154 Ark. 487.

McCulloch, C. J. Appellant instituted this action in the chancery court of Conway County against the Bankers' & Planters' Life Association of Fort Smith, a domestic corporation doing business as a mutual benefit insurance company, to recover the sum of $1,000, alleged to be due on a policy issued to appellant's wife, Mary J. Hayes, and payable to him. Appellant alleged in his complaint the issuance of the policy to Mary J. Hayes, payable to himself, and also alleged the death of Mary J. Hayes, giving the date. The president and also the secretary and treasurer of the company were joined as defendants. The complaint alleges various acts of misconduct on the part of the company and its officers in levying assessments on policyholders in other groups or circles than those in which a death occurred, and also in levying assessments when no death at all occurred, and in wrongfully and improperly paying out funds of the company. The prayer of the complaint is that appellees be required to render an accounting "showing a complete list of all members of said circle, the names and addresses, the amount assessed and collected, the amount paid out and for the purpose paid on each when an assessment

was levied and collected against said Mary J. Hayes;" that appellees be also required to furnish the names and addresses of each member of the circle who has died, giving the date thereof and the amount of funds received for the purpose of paying said death claims, and that, upon a final accounting, appellant have judgment against the Bankers' & Planters' Life Association and the sureties on its bond for the sum of $1,000.

There was an amendment to the complaint, not changing the purpose of the suit as stated above, and the court sustained a demurrer to the complaint as amended. Appellant stood on the complaint, and the court dismissed it.

Appellant was not a member of appellee association, and had no interest therein except that of a holder of a matured policy, which was payable in accordance with the by-laws. Whatever right of action appellant has under the policy is one at law to recover the amount due under the policy. He is not interested in the prior management of the association, and, in the absence of a showing of insolvency, is not entitled to equitable relief for the purpose of having an accounting of the funds. The court was correct in holding that the complaint failed to state a cause of action cognizable in a court of equity. This, however, did not call for a dismissal of the action as to the defendant association, but the case should have been transferred to the law court. There was no motion made to transfer the cause, but the court should have done so on its own motion, rather than to dismiss the complaint. *Newman* v. *Mountain Park Land Co.,* 85 Ark. 208. Having failed to ask for a transfer, appellant should not be permitted to recover cost of the appeal, as the matter of costs in equity cases is one of discretion.

The judgment is therefore reversed, and the cause is remanded with directions to transfer to the circuit court. It is so ordered.