ANDREW J. WALKER ET UX *v.* GEORGE WILLIS DIBBLE ET UX

5-4026                                        409 S.W. 2d 333

Opinion delivered December 19, 1966

*Garner & Parker,* for appellants.

*Chester P. Leonard,* for appellees.

ED. F. McFADDIN, Justice. This case results from a real estate transaction between the parties. Appellants, Mr. and Mrs. Walker, owned a farm or ranch of approximately 1,025 acres in Washington County. Some time in October 1963 they agreed to sell the property to

the appellees, Mr. and Mrs. Dibble, with possession to be delivered on January 1, 1964. After the Dibbles took possession they filed this suit against the Walkers to recover for waste committed by the Walkers in allowing timber to be cut from the land after the execution of the sales contract and before delivery of possession. Trial in the Chancery Court resulted in a decree in favor of the Dibbles for $5,000.00; and the Walkers bring this appeal, urging three points, which we will consider in the order listed:

"I. The Chancery Court does not have jurisdiction of this case.

"II. Appellees did not testify as to any injury or damage to them.

"III. The judgment of $5,000.00 is excessive and not supported by the evidence."

I. *Equity Jurisdiction.* The Dibbles first filed actions in the law court, claiming damages. When demurrers were sustained to the complaints, the Dibbles then amended to allege that, after a binding sales contract had been signed by the Walkers, and pending the delivery of the deed and payment, the Walkers committed *waste* by allowing timber to be cut from the land. On this theory the Dibbles moved that the cause be transferred to the Chancery Court, which was done, over the objections of the Walkers, who now urge a lack of equity jurisdiction.

There are at least two answers to appellants' position. When the cause reached chancery, the Walkers filed no motion to retransfer to law: instead, they filed answer and proceeded to trial in equity. Our cases hold that any objection to trial in equity is waived by failure to move to retransfer to law. *Hemphill* v. *Lewis,* 174 Ark. 224, 294 S. W. 1010; *Aetna Cas. & Surety Co.* v. *State,* 174 Ark. 988, 298 S. W. 501; and *Gray* v. *Brewer,* 177 Ark. 486, 9 S.W. 2d 81. Furthermore, and at all

events, the equity court had jurisdiction to try the case. The quotation later to be made in this opinion from *Newman* v. *Mountain Park Land Co.*, 85 Ark. 208, 107 S.W. 391, is a direct holding on this point. So we find no merit in appellants' first point.

II. *Sufficiency Of The Evidence.* The appellants insist that since the Dibbles failed to testify they should therefore lose their case. But if the Dibbles made their case by other witnesses they may still recover; and this necessitates a brief review of the evidence.

The Dibbles, who live in Phoenix, Arizona, went to Fayetteville to see about buying some land. A real estate agent, Mr. Gibson, showed them the Walker farm. Later, the Walkers listed the farm with Gibson as their agent for sale, and the Walkers signed a contract of sale dated October 28, 1963, which Gibson took to Arizona, and which the Dibbles signed on or about October 29th. The total sale price was to be $75,000.00 to be handled by (a) the assumption of an existing mortgage, (b) the execution of a second mortgage to the Walkers, and (c) a payment of the cash balance in excess of $17,000.00. When Mr. Dibble signed the contract of purchase on or about October 29th, he deposited $7500.00 earnest money with Gibson, who was the agent of the Walkers, and who promptly notified the Walkers that he had the money. The contract provided: "Deed shall be delivered on or before January 1, 1964." So from the date of the signing of the contract by both parties and the deposit of the money, there was a binding contract.

Before January 1, 1964 the Dibbles executed all the papers required of them and paid the cash balance. The warranty deed from the Walkers to the Dibbles, dated December 19, 1963, and acknowledged the same day, was delivered to the Dibbles on December 31, 1963. Thereafter it was learned by the Dibbles that in November and December 1963 the Walkers had sold timber from the land to a Mr. Evans, who testified that he cut 122 trees from the land, being 38 oak trees, 44 soft wood

trees, and 40 walnut trees. It is for this cutting of the timber that the Dibbles filed this suit on the theory of waste.

The case of *Newman* v. *Mountain Park Land Co.*, 85 Ark. 208, 107 S.W. 391, is full authority to support a recovery by the Dibbles. In that case Newman had contracted to buy lands from the Mountain Park Land Company and after the execution of a binding contract, and before Newman obtained deed and possession, the Mountain Park Land Company sold timber from the lands. This Court held that Newman had a cause of action against the Mountain Park Land Company. Mr. Justice Battle, writing for a unanimous Court, reviewed numerous holdings and text writers and covered every facet in that case, as well as in the case at bar. We quote:

" 'Where a vendor sells lands, takes the notes of the vendee for the purchase money, and executes to him a bond for title, the effect of the contract in equity is to create a mortgage in favor of the vendor upon the land to secure the purchase money, subject to all the essential incidents of a mortgage.' (*Smith* v. *Robinson,* 13 Ark. 533; *Harris* v. *King,* 16 Ark. 126; *Strauss* v. *White,* 66 Ark. 167.) If he (vendor) be in possession of the land, he 'must not make other than ordinary use of the land, and he will be enjoined from committing waste, such as cutting trees, carrying or removing soil.' 6 Pomeroy's Equity Jurisprudence, § 857. Mr. Pomeroy says: 'Vendor may be liable for deterioration. This rule is well stated by Lord Coleridge: "During the interval prior to completion the vendor in possession is a trustee for the purchaser, and as such has duties to perform towards him not exactly the same as in the case of other trustees, but certain duties, one of which is to use reasonable care to preserve the property in a reasonable state of preservation, and so far as may be, as it was when the contract was made"; or as Lord Kay expressed it, "to take reasonable care that the property is not deteriorated in the interval before completion." ' ' 6 Pomeroy's Equity Jurisprudence, § 858.

"The rule in this case is correctly stated in the syllabus of *Worrall* v. *Munn,* 53 N. Y. 185, as follows: 'Where waste has been committed by a vendor of land, pending a contract of purchase, by cutting down and carrying away timber, or by removing other valuable materials belonging to the freehold, the diminution in the value of the land is not the exclusive measure of damages. In equity everything forming a part of the inheritance belongs to the vendee from the date of the contract, and the rights and liabilities of the parties will be adjusted upon that assumption, and the vendee is entitled to recover the value of the materials so removed.' This right is based upon the contract of the vendor with the vendee. 2 Warvell on Vendors (2 Ed.), §§ 956, 957.

"In taking the deed from the vendor the appellant did not waive damages. The complaint fails to show anything in his acceptance of the deed to the land from the vendor inconsistent with his claim for damages. Appellant alleges that the trees and timber were cut and removed without his knowledge or consent. He is not estopped from claiming the damages. He is entitled to the land and the timber, and there is nothing inconsistent in his claiming both. There was nothing to indicate an intention to surrender or abandon either at any time; and there was no consideration upon which to base a waiver."

The cited case is full authority for recovery by the Dibbles in the case at bar, and their evidence parallels that offered in the cited case.

III. *The Amount Of The Recovery.* There was substantial testimony that the lands the Dibbles purchased were worth $5000.00 less because of the waste committed by the Walkers. Just because the Walkers sold the timber for a small amount of money does not necessarily determine the measure of damages. In *Newman* v. *Mountain Park Land Co., supra,* Mr. Justice Battle said, ". . . the diminution of the value of the land is not the exclusive measure of damages." Thus, the

diminution in value of the land has been recognized as a measure of damages.

Affirmed.